IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



SILVESTER ALLEN THOMAS,

    Petitioner,

v.                                                         Civil Action No. 3:16CV962

HAROLD W. CLARKE,

    Respondent.

## MEMORANDUM OPINION

Silvester Allen Thomas, a Virginia state prisoner proceeding pro se, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1) challenging his convictions in the Circuit Court for the City of Richmond, Virginia ("Circuit Court"). Respondent moves to dismiss, inter alia, on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Thomas has responded. The matter is ripe for disposition.

### I. PROCEDURAL HISTORY

#### A. Procedural History

As relevant here, a grand jury charged Thomas with two counts of capital murder, three counts of use of a firearm in commission of a felony, and one count of robbery.[1] At some point

---

[1] The grand jury also charged Thomas with a third count of capital murder, one count of malicious wounding, one count of unlawful wounding, one count of abduction, a second count of

before Thomas's eventual guilty plea, the Commonwealth reduced the capital murder counts to first-degree murder. See e.g., Indictment at 1-2, Commonwealth v. Thomas, No. CR01-1742-F (Va. Cir. Ct. Dec. 10, 2001); Indictment at 1, Commonwealth v. Thomas, No. CR01-1764-F (Va. Cir. Ct. Dec. 10, 2001); (ECF No. 10-1, at 1). On February 4, 2002, Thomas pled guilty as follows:

> It is the agreement of the parties hereto that upon the entry of a plea of GUILTY by the defendant to two charges of Murder in the first degree, one charge of robbery, and three charges of using a firearm in the commission of a felony, the Attorney for the Commonwealth will recommend to the Court that the defendant be sentenced to serve life on the first degree murder of Delano Peoples, that he be sentenced to serve life on the first degree murder of Phillip Gaskins, that he be sentenced to serve fifteen years on the robbery of Ernest Alston, that he be sentenced to serve three years on the use of a firearm in the commission of a felony, that he be sentenced to serve five years on the use of a firearm in the commission of a felony, that he be sentenced to serve five years on the use of a firearm in the commission of a felony, each sentenced to run consecutively to the other. The Commonwealth further agrees to nolle prosequi the remaining matters associated with the robbery of Ernest Alston (offense date: 4/12/01) and the murders of Delano Peoples and Phillip Gaskins (offense date: 6/21/01).

(ECF No. 10-2, at 1). The same day, the Circuit Court convicted Thomas of the five counts, and sentenced him to the recommended sentence in the Plea Agreement of two life sentences and a

---

robbery, two additional counts of possession of a firearm by a minor, one count of discharging a firearm in public, and five additional counts of use of a firearm in the commission of a felony. (Br. Supp. Mot. Dismiss 2, ECF No. 10.) In exchange for his guilty plea, all of these counts were dismissed. (Id.)

2

twenty-eight year sentence, all to run consecutively. (ECF No. 10-1, at 1.)

Thomas filed no appeal and pursued no collateral attacks on his conviction or sentence. On November 17, 2016, Thomas filed the § 2254 Petition now before the Court. (§ 2254 Pet. 15, ECF No. 1.)[2] In his § 2254 Petition, Thomas raises the following claim for relief:

Claim One: "Eighth Amendment violation because Petitioner['s] life sentence does not comport with Montgomery v. Louisiana, 136 S. Ct. 718 (2016)." (Id. at 6.)

## II. ANALYSIS

### A. Statute Of Limitations

Respondent contends that the federal statute of limitations bars Thomas's claim. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

---

[2] This is the date that Thomas states that his § 2254 Petition was deposited in the prison mailing system, and the Court deems this as the date the § 2254 Petition was filed. See Houston v. Lack, 487 U.S. 266, 276 (1988).

3

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

B. **Commencement Of The Statute Of Limitations Under 28 U.S.C. § 2244(d)(1)(A)**

Thomas's judgment became final on Wednesday, March 6, 2002, when the time to note an appeal expired. Thomas, therefore, had one year, or until Thursday, March 6, 2003, to file a federal habeas petition. See Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing

4

28 U.S.C. § 2244(d)(1)(A))); Va. Sup. Ct. R. 5A:6(a) (providing no appeal allowed unless notice of appeal filed within thirty days of final judgment). Because Thomas did not file his § 2254 Petition until November 17, 2016, the motion is untimely pursuant to 28 U.S.C. § 2254(d)(1)(A).

C. Belated Commencement

While Thomas does not specifically make the argument, the Court assumes that he intends to argue that his § 2254 Petition is timely under 28 U.S.C. § 2244(d)(1)(C) because it was filed within one year of the Supreme Court's decision in Montgomery v. Louisiana, 136 S. Ct. 718 (2016), in which the Court determined that Miller v. Alabama, 567 U.S. 460 (2012), applies retroactively. (§ 2254 Pet. 14.)

In order to obtain a belated commencement of the limitation period under § 2244(d)(1)(C), a petitioner "must show: (1) that the Supreme Court recognized a new right; (2) that the right 'has been . . . made retroactively applicable to cases on collateral review'; and (3) that he filed his motion within one year of the date on which the Supreme Court recognized the right." United States v. Mathur, 685 F.3d 396, 398 (4th Cir. 2012).[3] If the Supreme Court "decides a case recognizing a new

---

[3] Many decisions that interpret the provision that contemplates a belated commencement based on a newly recognized, retroactive right have done so in the context of the statute for federal prisoners challenging their conviction and sentence, 28

right, a federal [or state] prisoner seeking to assert that right will have one year from this Court's decision within which to file his § [2254 petition]." Dodd v. United States, 545 U.S. 353, 358-59 (2005). Under § 2244(d)(1)(C), just like under 28 U.S.C. § 2255(f)(3), "[t]he meaning of 'right asserted'. . . is the substantive right that forms the basis for the § [2254 petition]." Outler v. United States, 485 F.3d 1273, 1280 (11th Cir. 2007). Thus, the § 2244(d)(1)(C) "limitation period runs from the date on which the Supreme Court recognizes the new right, not the date on which the new right was "made retroactive[]." Mathur, 685 F.3d at 398 (alteration in original) (citing Dodd, 545 U.S. at 357-58).

The Miller Court, indeed, recognized a new right that is retroactively applicable to cases on collateral review. In Miller, the Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" 567 U.S. at 465. In Montgomery, the Supreme Court held "that Miller announced a substantive rule of constitutional law" that is retroactively applicable to cases on collateral review. 136 S. Ct. at 736.

However, Thomas is incorrect that his § 2254 Petition is timely under § 2244(d)(1)(C) because it was filed within one

---

U.S.C. § 2255. Section 2255(f)(3) is the federal analog to § 2244(d)(1)(C).

6

year of the Court's decision in Montgomery. The Court's decision in Miller, not its decision in Montgomery, recognized the right upon which Thomas's § 2254 Petition relies. Dodd, 545 U.S. at 358-59; Mathur, 685 F.3d at 398 (citation omitted). Thus, for Thomas's § 2254 Petition to be timely under § 2244(d)(1)(C), Thomas was required to have filed it within one year of June 25, 2012, the date that the Supreme Court decided Miller. See Dodd, 545 U.S. at 358-59; Malvo v. Mathena, No. PJM 13-1863, 2017 WL 1326530, at *5 (D. Md. Apr. 11, 2017) (citations omitted) (concluding that under 28 U.S.C. § 2244(d)(1)(C), "the timeliness of [state inmate's § 2254] petition marks from June 25, 2012, when the Supreme Court decided Miller, i.e. when it initially recognized the Eighth Amendment violation, rather than from the date of its later declaration of retroactivity in Montgomery"); Young v. Biter, No. CV 16-00520 JLS (RAO), 2016 WL 4770027, at *1 (C.D. Cal. Sept. 12, 2016) (concluding same). Thomas, however, did not file his § 2254 Petition until November 17, 2016. Accordingly, Thomas cannot rely upon § 2244(d)(1)(C) to render his § 2254 Petition timely filed. Thus, Thomas has failed to demonstrate any basis for excusing his failure to comply with the statute of limitations.

## III. CONCLUSION

Accordingly, Respondent's Motion to Dismiss (ECF No. 9) will be granted. The § 2254 Petition will be denied and the action will be dismissed. An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). No law or evidence suggests that Thomas is entitled to further consideration in this matter. A COA will therefore be denied.

The Clerk of the Court is directed to send a copy of this Memorandum Opinion to Thomas and counsel of record.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: October 10, 2017